*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-148

SEPTEMBER TERM, 2012

| | |
|---|---|
| In re G.B., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 140-4-11 Cnjv |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Mother appeals from a judgment of the superior court, family division, terminating her parental rights to the minor G.B. She contends the court erred in failing to explain why it chose termination over other available options. We affirm.

The facts as found by the trial court may be summarized as follows. G.B. was born in January 2011 and was one year old at the time of the two-day termination hearing in January 2012.[1] Mother had abused illegal drugs for a number of years and continued to do so during her pregnancy, despite treatment for opiate addiction at Maple Leaf Farm and other treatment centers. The Department for Children and Families (DCF) intervened toward the end of the pregnancy and obtained a residential placement for mother and the newborn at the Lund Center in mid-January 2011. Mother was discharged from Lund later that month for violating its smoking rules. She agreed to place the child, who was then ten days old, with her aunt and uncle while she obtained further substance abuse treatment. The child has remained with the aunt and uncle's family since then.

The trial court found that, over the next year, mother was afforded and failed to complete multiple drug treatment services. Between January and June 2011, mother left a residential treatment program at Valley Vista against medical advice, failed to complete a detox program through the Act One Bridge Program, entered and left Valley Vista again after testing positive for illegal drugs, and left an Intensive Outpatient Program for substance abuse after again testing positive for illegal drugs. In June 2011, she stipulated to an adjudication that G.B. was a child in need of care or supervision (CHINS). DCF's disposition plan, filed in July 2011, called for a termination of parental rights, and DCF filed a termination of parental rights petition the following month.

Mother's string of unsuccessful substance abuse and parenting programs continued. Easter Seals, which had sponsored supervised visits and provided parent coaching, terminated its efforts due to mother's frequent absences. In August 2011, mother failed to complete another Maple Leaf Farm treatment program. At the time of the hearing in January 2012, mother had

---

[1] Father voluntarily relinquished his parental rights on the first day of the hearing.

moved into her parents' home, was unemployed, and had only sporadic contact with the child during the preceding several months.

In view of mother's of repeated failures to complete substance abuse programming, overcome her drug dependency, address her mental health issues, develop adequate parenting skills, and obtain stable housing and employment, the court concluded that there was no likelihood that she could resume parental responsibilities within a reasonable time. The court noted that mother had also failed to consistently visit the child, and had shown no ability to attend to her basic needs. In the meantime, G.B. had fully bonded with her foster family, and was thriving. Accordingly, the court concluded that a termination of mother's parental rights was in the best interests of the child. This appeal followed.

Mother challenges none of the foregoing evidence and findings. Rather, her sole claim on appeal is that the trial court erred in failing to explain why it chose to terminate her parental rights at the initial disposition rather than order a less drastic placement option. Mother suggests in this regard that the court could have transferred custody to her aunt and uncle, where G.B. has resided nearly her entire life, thereby "more surely preserving the family environment and family relationships."

As mother recognizes, however, "[w]e have repeatedly rejected the claim . . . that the court must consider less drastic alternatives to termination once it has determined the parent to be unfit and unable to resume his or her parental responsibilities." In re G.F., 2007 VT 11, ¶ 20, 181 Vt. 593 (mem.). Although mother asserts that a different rule should apply when a parent has been deemed unfit and unable to resume parental responsibilities at the initial disposition stage, she offers no persuasive rationale or authority to support the claim. Indeed, while the Legislature has directed courts to consider placements with relatives of children in the context of a "temporary care order" prior to a CHINS adjudication, 33 V.S.A. § 5308(b)(3), it has expressed no similar preference or requirement that courts consider kinship placements at an initial disposition. On the contrary, the statute delineating the procedures and standards at the disposition hearing provides, without exception or qualification, that where the commissioner "seeks an order at disposition terminating the parental rights of one or both parents . . . the court shall consider the best interests of the child" according to the statutory criteria set forth in 33 V.S.A. § 5114. Id. § 5317(d). Neither this provision nor § 5114 contains any requirement—at the initial disposition or later—that once a court determines a parent to be unfit it must consider and reject other placements before termination. Accordingly, we find no support for the claim, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

2